

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIELLE CORTES-DEVITO )<br>)<br>Plaintiff, )<br>v. )<br>)<br>VILLAGE OF STONE PARK, )<br>)<br>Defendant. ) | No. 04 C 3148<br>Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

Danielle Cortes-DEVITO ("Plaintiff") has filed a three-count complaint against the Village of Stone Park or ("Village" or "Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* and a state law claim of intentional infliction of emotional distress ("IIED"). Defendant has moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). In Count I and II of the complaint, Defendant contends that Plaintiff has not sufficiently established facts that demonstrate Defendant's acts were discriminatory under 42 U.S.C. 2000e. In Count III, Defendant argues that Plaintiff's IIED claim should fail because it is time barred, it is preempted by federal law, it does not adequately impute Village Grove, and the facts themselves do not sufficiently state a claim for IIED. For the following reasons, Defendant's motion to dismiss Count I for failure to state a claim is granted. Defendant's motion to dismiss Count III is also granted because it is time-barred and preempted by federal law. Plaintiff's motion to dismiss Count II, however, is denied.

## Facts

Plaintiff was the only African-American female who was employed as a paramedic with the Village of Stone Park Fire Department. (Sec. Am. Compl. ¶¶ 9.) According Plaintiff's second amended complaint, on and prior to May 27, 2002, Plaintiff's coworkers repeatedly interfered with Plaintiff's work and humiliated her by engaging in unwelcomed and offensive conduct. (*Id.* ¶ 10.) Specifically, Plaintiff's coworkers made offensive jokes and comments that were racially insensitive in and outside Plaintiff's presence. (*Id.* ¶ 11.) Also, Plaintiff's non-black coworkers imitated African-American accents and mocked how African Americans would speak pejoratively. (*Id.* ¶ 12.) Plaintiff's coworkers placed human feces in a glass of milk that was found by another Village employee. (*Id.* ¶ 13.) Plaintiff was continuously alienated from conversations because when she entered a room, conversations would abruptly cease. (*Id.* ¶ 14.) Even though Plaintiff did not immediately report the aforementioned conduct to her superiors for fear it would reflect negatively upon her, she contends that her captain was aware of the activity but failed to rectify it. *(Id.* ¶ 15.) This racially and gender-motivated offensive conduct culminated on May 27, 2002, when Plaintiff's white, male coworkers placed a urinal cake in her beverage and she, not knowing the contents, drank the beverage. (*Id.* ¶ 17.) Plaintiff avers the offensive conduct created a hostile and intimidating work environment and after May 27, 2002, she personally reported the conduct to her captain. (*Id.* ¶ 19, 20.) However, no remedial action was taken against the offenders and as a result of the embarrassment and mental anguish, Plaintiff was unable to return to her job. (*Id.* ¶ 21, 22.) Plaintiff was performing her job satisfactorily and her white, male peers were not injured, harassed or constructively discharged as she was. (*Id.* ¶ 23, 25.)

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Village of Sussex,* 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). Furthermore, any ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the pleader. *Id.*

## Discussion

Defendant has moved to dismiss Plaintiff's three-count complaint for failure to sufficiently allege a basis for liability under Title VII. In Count I and Count II of her complaint, Plaintiff alleges that Defendant discriminated against her in violation of Title VII because of her gender and race by: (1) failing to sufficiently provide a work environment that was free from sexual and racial harassment; (2) permitting Plaintiff's coworkers to create a hostile work environment; (3) neglecting to adequately respond to her concerns or discipline those involved in the offensive conduct; and (4) constructively discharging Plaintiff because of her gender and race despite her satisfactory job performance. (Pl.'s Compl. ¶25.) Defendant moves to dismiss the complaint because these facts alone are not sufficient to adequately assert a claim for gender discrimination. To prevail on a claim of gender discrimination or harassment based on hostile work environment, Plaintiff must show: (1) she was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature; (2) the harassment was based on her sex; (3) the sexual harassment had the effect of unreasonably interfering with her work

performance in creating an intimidating, hostile, or offensive working environment that seriously affected her psychological well-being; and (4) a basis for employer liability exists. *Hall v. Bodine Elec., Co.*, 276 F.3d 345, 354-55 (7th Cir. 2002).

Here, Plaintiff claims her coworkers harassed her during her employment with Village Stone. Plaintiff contends that her male coworkers' unwelcomed behavior was ongoing and peaked when she was unknowingly induced to drink a beverage that allegedly contained a urinal cake. Plaintiff generally contends that her coworkers repeatedly interfered with her work and humiliated her by making unwelcomed and offensive conduct, that they placed human feces in a glass of milk that was discovered by another coworker, and that she was made to feel isolated because her coworkers would end their conversations when she walked into a room. The only support Plaintiff offers specific to the sexual discrimination claim is that the aforementioned was gender-motivated, that it was her white male peers that placed the urinal cake in her beverage, and that she was in an environment that was not free from harassment on the basis of her sex. Plaintiff asserts that this conduct, coupled with Defendant's lack of remedial action, amounted to discrimination.

Applying the relevant standard in a 12(b)(6) motion, we must construe all facts in favor of Plaintiff. Even so, Plaintiff has still failed to meet the threshold that establishes conduct that could conceivably construed as sexual discrimination. Plaintiff has not alleged the requisite operative facts that establish, for example, that she was subjected to unwelcome sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature or that any offensive or adverse conduct was based on her gender. As we previously stated in the January 10, 2005 order, Plaintiff has failed to allege sufficient facts to survive a motion to dismiss on this count, and we therefore are unable to infer that she was discriminated against because of her gender. Thus, Count I must fail.

Count II complains that Defendant also discriminated against Plaintiff because of her race. Title VII prohibits actions taken by an employer based on an individual's race if those actions discriminate against the individual's "compensation, terms, conditions or privileges of employment." 42 U.S.C. § 2000e-2(a)(1). The Supreme Court has held that in order to survive a motion to dismiss in a claim for employment discrimination, a plaintiff is not necessarily required to plead specific facts that establish a prima facie case of discrimination. *Swierkiewicz v. Sorema*, 534 U.S. 506, 510-511 (2002) (noting that the McDonnell Douglas analysis is an evidentiary standard, not a pleading requirement and that in order to survive a motion to dismiss a plaintiff need not necessarily establish the prima facie case). Instead, to survive a motion to dismiss a plaintiff must merely provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 512 (quoting Fed. R. Civ. P. 8(a)(2)). Our task at this juncture is a limited one; we test only whether a complaint alleges a sufficient number of facts to find a claim, that is, if it gives "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id* at 511. (internal quotation omitted).

Accepting Plaintiff's allegations as true, Plaintiff does provide adequate notice of her claim in Count II. Namely, Defendant has been apprised that: (1) Plaintiff was the recipient of racially motivated jokes, comments and gestures; (2) her coworkers mocked the way an African American would speak in a pejorative manner; (3) she was induced to drink a beverage tainted with a urinal cake; and (4) her supervisor failed to take remedial action against the offenders. Plaintiff alleges that all of this conduct was racially motivated and performed by her non-black coworkers. We find that in Count II, Plaintiff's has provided fair notice and that it sufficiently alleges a viable complaint.

Defendant also construes Plaintiff's complaint of racial harassment as a hostile work environment claim based on race. To recover on a claim for hostile work environment claim under

Title VII, Plaintiff must establish that: (1) she was subject to unwelcome harassment; (2) the harassment was based on her race; (3) the harassment was severe or pervasive so as to alter the conditions of the employee's environment and create a hostile or abusive working environment; and (4) there is a basis for employer liability. *Mason v. Southern Ill. Univ. at Carbondale*, 233 F.3d 1036, 1043 (7th Cir. 2000) (citing *Parkins v. Civil Constructors, Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998).

When assessing whether a work environment is hostile, courts will look at the totality of the circumstances but will look specifically to: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance. *Harris*, 510 U.S. 17, 23 (1993); *Gogers v. Western-Southern Life Ins. Co.*, 12 F.3d 668, 674 (7th Cir. 1993). Courts have also determined that relatively isolated incidents of trivial misconduct do not support a hostile environment claim. *Saxton v. Am. Tel. & Tel. Co.*, 10 F.3d 526, 533 (7th Cir. 1993). However, general allegations can sufficiently put Defendant on notice as to the nature of the claims. *Scott v. City of Chicago*, 195 F.3d 950, 952 (7th Cir. 1999) (holding that a plaintiff's general allegation is sufficient to provide notice to the defendant).

Defendant argues that Plaintiff has not alleged behavior that was severe and pervasive enough to merit relief or that a basis for employer liability exists. First, Defendant contends that because other courts have found inactionable conduct that is far more severe than in the instant case, this count should be dismissed. Case law does indicate that hostile work environments have been found with more severe conduct. However, in a motion to dismiss we do not weigh the strength of the evidence, rather we test the sufficiency of the allegations. See *Pickrel v. City of Springfield*, 45 F.3d

1115, 1118 (7th Cir. 1995) (stating it "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support its claims.") (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *Herdrich v. Pegram*, 154 F.3d 362, 369 (7th Cir. 1998) (stating that although a complaint must contain allegations that establish the material elements of a claim, the allegations "need only state a possible claim, not a winning claim.") Plaintiff satisfactorily alleges she endured intolerable employment conditions that her peers of different races did not and that as a result of her embarrassment, humiliation, and mental anguish, she was unable to return to work. Taken as true, Plaintiff could conceivably establish that her working conditions were so unbearable and that her coworkers' conduct was so egregious that she was forced to resign. Given the number of allegations in the second amended complaint, it does not appear beyond doubt that Plaintiff can prove no set of facts which could entitle her to relief. As such, in light of her inability to return to work and her allegations of mental anguish, humiliation, and discrimination, Plaintiff has sufficiently alleged that her work environment reached a hostile level. Thus, she has met the liberal pleading standard for race discrimination as articulated in *Swierkiewicz*, and therefore her claim will not be dismissed on this basis.

Second, Defendant argues that Plaintiff has not sufficiently alleged the requisite basis for the Village's liability. As discussed, the law against discrimination in the workplace is well settled and Title VII prohibits an employer from discriminating in any way based on a person's race. If an employee is subject to a hostile work environment based on his race, that employer may be liable for the discrimination. If the hostile work environment is created at the hands of the employee's supervisor, then the employer may be strictly liable for the conduct. *Mason v. S. Ill. Univ.*, 233 F.3d 1036, 1043 (7th Cir. 2000) (internal citations omitted). On the other hand, if the hostile work

environment is created by the employee's coworkers, the employer will be liable only if the employee is able to establish that her employer was "negligent either in discovering or remedying the harassment." *Id.* (quoting *Parkins*, 163 F.3d at 1032).

For purposes of this motion to dismiss, Plaintiff has implied that her employer knew of and ignored the harassment. Although Defendant argues that it is not liable because Plaintiff did not report the early incidents of harassment, a fair reading of the complaint strongly suggests that her captain was aware of the conduct and took no remedial action. She states, "Captain Nino Marone and other representatives of the Defendant were aware of the aforementioned racial-and gender-motivated acts [and] . . . Captain Marone failed to rectify the hostile and intimidating work environment prior to May 27, 2002." Furthermore, Plaintiff affirmatively states that when she did directly report the offensive conduct, no remedial action was taken. Plaintiff has provided facts sufficient for us to infer that Defendant may be liable. Thus Count II will not be dismissed on this basis.

Defendant finally argues that Count II should be dismissed because the allegations of the racial harassment and hostile work environment are outside the scope of her EEOC charge. Generally, allegations that are not contained in an EEOC charge cannot be brought forth in a subsequent complaint filed in district court. *Oates v. Discovery Zone*, 116 F.3d 1161, 1168 (7th Cir. 1997). However, allegations which are not explicitly articulated in the EEOC charge can be included in a judicial complaint so long as: "(1) the claim is like or reasonably related to the EEOC charges; and (2) the claim in the complaint reasonably could develop from the EEOC investigation into the original charges." *Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir. 1995); *see also Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985). Claims are considered to be reasonably related

if there is a factual relationship between them, or "at a minimum, the EEOC charge . . . describe[s] the same conduct and implicate[s] the same individuals." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994). This permits new allegations to be included and allows for a more complete recovery for laypersons who generally are the initiators of EEOC charges. *Id.* at 500.

In the EEOC charge, Plaintiff alleges race discrimination. In relevant part, plaintiff's EEOC charge states:

> On and prior to May 27, 2002, I was subjected to harassment from my white co-workers including Chief Brian Lewis and Captain Nino Marone. Specifically, while at the fire house, my white co-workers placed a "urinal cake" in my drink and told me it was lemonade. Not knowing its contents, I drank the substance containing the "urinal cake." I immediately became sick and required medical treatment . . . .
>
> My performance was as good as that of my white co workers, who were not forced to leave their employment with the Village of Stone Park Fire Department as a result of harassment.

(Compl. EEOC Charge, I., B., 3,8 and II., B., 8.)

Because those statements sufficiently apprise both Defendant and the EEOC that Plaintiff believed her constructive termination was motivated by race, the Title VII claim in Plaintiff's complaint is not outside the scope of her charge. In her complaint, Plaintiff has alleged conduct that could reasonably develop from the facts articulated in the EEOC charge. Accordingly, Defendant's motion to dismiss Count II for failure to state a claim must be denied.

Next, Defendant contends that Count III, the IIED claim, should be dismissed because: (1) it is time barred; (2) it is preempted by the Illinois Human Rights Act ("IHRA"); (3) Plaintiff did not demonstrate that Defendants were acting within the scope of their employment; and/or (4) Plaintiff did not sufficiently plead facts to establish an IIED claim. We find that Plaintiff's IIED claim is time-barred and therefore, Count III must fail.

Pursuant to 74 ILCS 10/8-101, the Illinois Governmental and Governmental Employees Immunity Act or ("Tort Immunity Act"):

> no civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.

745 ILCS 10/8-101(a).

Under Illinois law, a cause of action begins to accrue "when facts exist that authorize the bringing of the action." *Day v. Conwell*, 244 F. Supp. 2d 961, 964 (N.D. Ill. Feb. 2003) (citing *Namur v. Habitat Co.*, 294 Ill. App. 3d 1007, 1013 (1998)). Generally, this factual basis exists at the time of arrest or when a plaintiff knows, or reasonably should know, of it. *Pierce v. Pawelski*, 2000 U.S. Dist. LEXIS 18229, at *2 (N.D Ill. Dec.14, 2000)). Thus, "emotional distress claims accrue on the date defendants committed the act that allegedly caused the plaintiff's distress." *Id.* (citing *Dahl v. Fed. Land Bank Ass'n*, 213 Ill. App. 3d 867, (1991)).

Here, the acts that Plaintiff complains of were a series of events that culminated on May 27, 2002, with the beverage tainting incident. There are no subsequent acts that Plaintiff alleges to allow the toll period to after that date. However, Plaintiff did not file her IIED action until May 3, 2004, almost two years after the time-period in which she was able to file a timely complaint began to run. Therefore, pursuant to the Tort Immunity Act, Plaintiff's opportunity to timely file an IIED claim expired on May 27, 2003, almost one year before she filed this lawsuit.

## Conclusion

For the reasons set forth above, defendant's Rule 12(b)(6) motion to dismiss is granted in part and denied in part. Defendant's motion to dismiss Counts I and III is granted. Defendant's motion to dismiss Count II is denied.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

DATED: MAY 3 1 2005